UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN
CIVIL ACTION NO. 1:14CV-28-M

ARCHIE SAXTON *et al.*                                              PLAINTIFFS

v.

KAREN JOHNSON *et al.*                                              DEFENDANTS

## MEMORANDUM OPINION

Plaintiffs, Archie and Deborah Saxton, filed this *pro se* action proceeding *in forma pauperis*. Rule 12(h)(3) of the Federal Rules of Civil Procedure provides, "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." As a review of the complaint reveals that this Court lacks jurisdiction over the subject matter contained therein, the Court will dismiss the action.

### I.

Plaintiffs filed the complaint on a general complaint form naming as Defendants Karen Johnson and Deanna Hanley Estate. As the grounds for filing this lawsuit in federal court, Plaintiffs state as follows:

> We are requesting a hearing concerning the outcome of the court date 8-14-13 in the Logan County District Court because Judge Browning didn't give us a fair trial and our constitutional rights weren't protected and Ms Karen Johnson was sworn in but not us, nor were [we] allowed to present evidence to support our case.

As their statement of the claim, Plaintiffs state that they resided in Russellville, Kentucky, in a home that they rented from Defendant Johnson. Plaintiff Deborah Saxton fell on the property. After she filed an accidental insurance claim with Defendant Johnson's insurance company, "Ms. Johnson retaliated after I had filed paperwork with the Ky Insurance

Commissioner . . . ." Plaintiffs state that Defendant Johnson, "manipulated the district court to have us illegally evicted because of me exercising my rights to file an accidental report."

As relief, Plaintiffs seek "[c]ompensation for my fall, full refund of our deposit"; ["w]hatever the value of Ms. Johnson/Deanna Hanley Estate for illegal eviction enforced by Logan County District"; and "monetary damage from Colony Specialty Insurance for my broken right leg that was an emergency surgery required and the pain and suffering also my recuperation."

## II.

It is axiomatic that federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003) ("[I]t is well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute."). "Jurisdiction defines the contours of the authority of courts to hear and decide cases, and, in so doing, it dictates the scope of the judiciary's influence." *Douglas v. E.G. Baldwin & Assoc. Inc.*, 150 F.3d 604, 606 (6th Cir. 1998), *overruled on other grounds by Cobb v. Contract Transp., Inc.*, 452 F.3d 543, 548-49 (6th Cir. 2006). Moreover, federal courts have an independent duty to determine whether they have jurisdiction and to "police the boundaries of their own jurisdiction." *Douglas*, 150 F.3d at 607 (citing *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 165 (11th Cir. 1997)). The party who seeks to invoke a federal district court's jurisdiction bears the burden of establishing the court's authority to hear the case. *Kokkonen*, 511 U.S. at 377.

Plaintiffs seek a "rehearing concerning the outcome of the court date 8-14-13 in the Logan County District Court . . . ." Under the *Rooker-Feldman* doctrine, a federal court lacks

jurisdiction to review a case litigated and decided in state court, as only the United States Supreme Court has jurisdiction to correct state court judgments. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *Patmon v. Mich. Supreme Court*, 224 F.3d 504, 506-07 (6th Cir. 2000). "A party raising a federal question must appeal a state court decision through the state system and then directly to the Supreme Court of the United States." *United States v. Owens*, 54 F.3d 271, 274 (6th Cir. 1995). "The doctrine prevents a federal court from exercising jurisdiction over a claim alleging error in a state court decision." *Hall v. Callahan*, 727 F.3d 450, 453 (6th Cir. 2013) (internal quotation marks and citation omitted).

Plaintiffs cannot seek to undo the outcome of the Logan County District Court eviction proceeding in this Court. Therefore, the action will be dismissed. A separate Order dismissing the action will be entered consistent with this Memorandum Opinion.

Date: July 22, 2014

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

cc: Plaintiffs, *pro se*
    Defendants
4414.010

3